Hayes P. Hyde (SBN 308031)
*HHyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

*Attorney for Defendants*

*[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF COLORADO, FLORIDA, ILLINOIS, IOWA, NEBRASKA, OKLAHOMA AND UTAH; THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through LOS ANGELES COUNTY COUNSEL DAWYN R. HARRISON and SAN FRANCISCO CITY ATTORNEY DAVID CHIU,

Plaintiffs,

v.

TOAST, INC., a corporation; TOAST PROCESSING SERVICES, LLC, a limited liability company; STRATEX HOLDCO, LLC, a limited liability company; STRATEGY EXECUTION PARTNERS LLC, a limited liability company; and XTRA CHEF, LLC, a limited liability company,

Defendants.

Case No. 3:26-cv-12705-EMC

Honorable Edward M. Chen

**DEFENDANTS' MOTION TO ENLARGE TIME**

*[Filed concurrently with Declaration of Kate E. MacLeman and Proposed Order]*

Complaint Filed: October 29, 2026

Pursuant to Fed. R. Civ. P. 6(b) and L.R. 6-3, Defendants Toast, Inc.; Toast Processing Services, LLC; Stratex Holdco, LLC; Strategy Execution Partners LLC; and Xtra Chef, LLC (hereinafter, "Toast") file this first motion for an extension of time to respond to Plaintiffs' 22-count Complaint, ECF No. 1 ("Complaint" or "Compl."). Given that the Complaint is brought by nine governmental entities, consisting of the Federal Trade Commission and state and city governments, spans 235 paragraphs, and asserts twenty-two different counts[1] challenging core methods to Toast's business, there is good cause to extend Toast's initial response deadline of ***December 28, 2026***, which conflicts with multiple of Toast's counsel's pre-existing case deadlines and personal commitments, including scheduled vacations during the holiday season. *See* Declaration of Kate E. MacLeman ¶¶ 3–4, 8 ("Decl."). Plaintiffs' refusal to agree to an extension that resolves these conflicts undermines basic professional courtesy. In addition, Toast intends to move to transfer this case to federal court in the District of Massachusetts where Toast was founded and is based pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice" as soon as practicable and before December 28. There is no urgency to keep the initial response deadline when the ultimate venue for this dispute is uncertain; by contrast, enlarging the response time serves judicial economy by protecting the parties and the Court from duplicative motion practice. As a result, Toast respectfully requests that the Court enlarge the responsive pleading deadline until three weeks after Toast's forthcoming Motion to Transfer is resolved, or alternatively, until January 15, 2027.

While defense counsel suggested multiple different extended deadlines with which Toast would have agreed in order to avoid filing this contested motion, Plaintiffs refused on the stated basis that they "typically don't agree to extensions" and their "management"—who Plaintiffs would not identify by name and who did not appear on any meet and confer—refused. Decl. ¶¶ 13–14, Decl. Exhibit 1 at 1 ("Ex. 1").

[1] Despite the Complaint's numbered Allegations, Toast notes that there are twenty-two counts, because Count XI was listed twice.

When pressed as to how Plaintiffs would be prejudiced by a short extension until January 15, Plaintiffs failed to articulate any reason, instead referring counsel to the parties' email communications, which, again, only explain that it is not the government's practice to agree to extensions. Decl. ¶ 14. Without an extension, Toast will be prejudiced, and the Court may be burdened by unnecessary motion practice.

In light of the scope of the Complaint, the forthcoming Motion to Transfer, as well as defense counsel's existing case and personal commitments, Toast respectfully requests that the Court enlarge the time to respond to the Complaint until three weeks following the resolution of Toast's forthcoming Motion to Transfer, or alternatively, enlarge the deadline to January 15, 2027. This is the first request to modify the deadlines in this matter and the requested extension does not impact the case schedule. *Id.* ¶¶ 18–19.

## I. RELEVANT FACTUAL BACKGROUND AND EFFORTS TO OBTAIN STIPULATION

On October 29, 2026, Plaintiffs filed a Complaint against Toast alleging violations of the Federal Trade Commission Act, the Restore Online Shoppers' Confidence Act, and multiple state consumer protection laws, seeking permanent injunctive relief, monetary relief, civil penalties, and other relief. *Id.* ¶¶ 3–4. The Complaint spans 235 paragraphs and asserts twenty-two counts against five different entities.[2] *Id.* On November 3, 2026, the FTC filed executed waivers of service for Toast, causing the initial response deadline to be set for December 28, 2026. *Id.* ¶¶ 5–6.

On November 18, 2026, Toast emailed Plaintiffs to schedule a meet and confer regarding Toast's request to transfer the case to the District of Massachusetts and stay its response and discovery deadlines during the pendency of the transfer motion. *Id.* ¶ 10, Ex. 1 at 4. Plaintiffs initially refused to meet and

[2] To the extent Plaintiffs contend that Toast previously received a copy of the Complaint, the as-filed version adds 16 new counts under varying state laws, requiring analysis that prior access could not obviate. Nor would requiring Toast to file its response now necessarily advance this litigation. If Plaintiffs follow the same course taken in *FTC v. Hims & Hers Health, Inc.*, they may respond to Toast's motion to dismiss by amending their Complaint rather than defending it. *See First Amended Complaint, Fed. Trade Comm'n v. Hims & Hers Health, Inc.*, No. 3:26-cv-07871-VC, ECF No. 67 (N.D. Cal. Nov. 10, 2026). Such a course would compound the unnecessary expense of premature motion practice and further support the inference that Plaintiffs' resistance to a reasonable extension is not designed to avoid delay or prejudice.



GOODWIN PROCTER LLP

confer by phone or Zoom, but ultimately agreed after defense counsel pointed out that the local rules require it. Decl. ¶ 10. Before and during the meet and confer, Plaintiffs stated that they would oppose Toast's Motion to Transfer and Stay, but would consider stipulating to a proposed briefing schedule. *Id.*; *see also* Ex. 1 at 4. The parties thereafter exchanged emails with counterproposals but could not reach an agreement. *See* Decl. ¶¶ 11–14 (describing the parties' communications); *see also* Ex. 1 at 1–3.

Toast initially requested an extension until January 22. Plaintiffs responded that they had "spoken with [their] management" and were "authorized to give a one-week extension to the response deadline, provided that [they] receive an additional week to submit an opposition if a motion to dismiss is filed." Decl. ¶ 12; Ex. 1 at 3. Under Plaintiffs' counter-proposal, Toast's response deadline would be extended only to January 5, 2027—two business days after New Year's Day—and Plaintiffs' opposition deadline would be extended to January 26, 2027. *See id.* That is, Plaintiffs proposed an extension that absolved themselves from working on a brief during the holidays but compounded the same problem for Toast. As such, Toast offered a compromise of January 15 for the response deadline. *See* Decl. ¶ 13; Ex. 1 at 2. Plaintiffs rejected that proposal too, offering an extension of January 12, three days short of Toast's revised proposal, despite those three days being meaningful to Toast's ability to effectively present its arguments and causing no identifiable prejudice to Plaintiffs. *Id.*

In response, Toast requested that the parties promptly meet and confer and that Plaintiffs include attorneys with decision-making authority (*i.e.*, the "management" referred to in Plaintiffs' emails). The parties met and conferred, but Plaintiffs' "management"—whom Plaintiffs refused to identify—did not appear, and Plaintiffs refused to engage in any substantive dialogue regarding their position, instead directing Toast to the email communications at Exhibit 1. To date, Plaintiffs have not articulated any prejudice that would result from the short extension Toast seeks. By way of this Motion, Toast now seeks the larger extension that it sought at the outset of the parties' meet and confer conversations, as its initial

proposed schedule makes the most practical sense for an orderly and efficient administration of this case for both the parties and the Court.

## II. ARGUMENT

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rule 6-3, the Court may enlarge the time for Toast to respond to Plaintiffs' Complaint for good cause. "Good cause is a non-rigorous standard," and "requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith . . . or prejudice." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotation marks omitted). Good cause exists to enlarge the December 28, 2026 response deadline in light of the scope of the Complaint, previously scheduled vacations and travel during the intervening year-end holiday period, and Toast's forthcoming motion to transfer. *See* Decl. ¶¶ 4, 8, 16. Between now and the end of 2026, defense counsel also have several existing commitments in pending cases, including multiple noticed depositions, court hearings, and a summary judgment deadline, in different jurisdictions. *See id.* ¶ 8. These circumstances establish good cause for the requested enlargement and, absent an extension, Toast would be substantially prejudiced because it would not have sufficient time to evaluate the claims and prepare its response. *See id.* ¶ 16; *see Ahanchian*, 624 F.3d at 1259-60 (finding good cause for an extension based on a "constrained deadline" following a holiday weekend).

L.R. 6-3 provides for the enlargement of time where a party identifies attempts to stipulate to an enlargement, sets forth its reasoning for the enlargement, and demonstrates the harm or prejudice that would occur if the Court did not change the time. L.R. 6-3(a). This standard is met here. Toast has attempted in good faith to achieve a stipulated enlargement of time to respond, including resulting enlargements of Plaintiffs' deadlines, to no avail. The prejudice is particularly acute here given the complexity of the case, scheduling conflicts, and Toast's intended Motion to Transfer. In other words,

requiring Toast to respond to the Complaint and proceed with discovery before the Court resolves the threshold question of venue would impose unnecessary burdens and expense, including the expense of briefing a motion to dismiss in this Court, which may not comport with the local requirements of the District of Massachusetts or controlling decisions within the First Circuit. *See Romoff v. Johnson & Johnson Consumer Inc.*, No. 22cv00075-LL-WVG, 2022 WL 1122850, at *2 (S.D. Cal. Apr. 14, 2022) ("Defendant may suffer hardship in being required to prepare a motion to dismiss in this Court if the case is transferred to another court, which may have different motion-filing rules.").

Given the circumstances surrounding Toast's anticipated Motion to Transfer, extending the briefing also makes practical sense and serves judicial economy. *See Ledwidge v. Fed. Deposit Ins. Corp.*, No. 5:24-cv-08352-BLF, 2025 WL 823269, at *1–2 (N.D. Cal. Feb. 19, 2025) (finding good cause where current deadline would be both "unduly burdensome" and "an inefficient use of judicial and party resources")*; FaceBook, Inc. v. ConnectU LLC*, No. C 07-01389 (RS), 2007 WL 1725441, at *2 (N.D. Cal. June 14, 2007) (extending response deadline to after decision on pending motion that would clarify case issues). Indeed, the extension will allow the Court to determine the forum in which this action should proceed before the parties brief a motion that this Court may not ultimately decide. *See Doe v. X Corp.*, No. 25-cv-07597-TLT, 2025 WL 4110054, at *2 (N.D. Cal. Sep. 26, 2025) (finding it "premature" to litigate the merits of the claims before "resolution of the threshold venue question" (internal citation omitted)); *Johnson v. Starbucks Corp.*, No. 16-cv-03495-SK, 2018 WL 11590005, at *2 (N.D. Cal. June 13, 2018) (granting motion to stay proceedings pending resolution of motion to transfer). The requested extension is reasonable, and by Plaintiffs' own tacit admission, does not prejudice them. Decl. ¶ 14.

For the foregoing reasons, Toast respectfully requests the Court extend the time for it to file a responsive pleading until three weeks after an order on Toast's motion to transfer, or alternatively, until January 15, 2027.

Dated: November 25, 2026

Respectfully submitted,

By: /s/ Hayes P. Hyde

Hayes P. Hyde (SBN 308031)
**GOODWIN PROCTER LLP**
*HHyde@goodwinlaw.com*
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

W. Kyle Tayman (pro hac vice)
Elizabeth O. Tucci (pro hac vice)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
KTayman@goodwinlaw.com
ETucci@goodwinlaw.com

Richard Strassberg (pro hac vice)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: +1 212 813 8800
RStrassberg@goodwinlaw.com

Kate E. MacLeman (pro hac vice)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 3932
KMacLeman@goodwinlaw.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, a copy of the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve electronically all participants in this case.

Dated: November 25, 2026

*/s/ Hayes P. Hyde*