Hayes P. Hyde (SBN 308031)
*HHyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF COLORADO, FLORIDA, ILLINOIS, IOWA, NEBRASKA, OKLAHOMA AND UTAH; THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through LOS ANGELES COUNTY COUNSEL DAWYN R. HARRISON and SAN FRANCISCO CITY ATTORNEY DAVID CHIU,

Plaintiffs,

v.

TOAST, INC., a corporation; TOAST PROCESSING SERVICES, LLC, a limited liability company; STRATEX HOLDCO, LLC, a limited liability company; STRATEGY EXECUTION PARTNERS LLC, a limited liability company; and XTRA CHEF, LLC, a limited liability company,

Defendants.

Case No. 3:26-cv-12705-EMC

Honorable Edward M. Chen

**DECLARATION OF KATE E. MACLEMAN IN SUPPORT OF DEFENDANTS' MOTION TO ENLARGE TIME**

*[Filed concurrently with Motion to Enlarge Time and Proposed Order]*

Complaint Filed: October 29, 2026

# DECLARATION OF KATE E. MACLEMAN

I, Kate E. MacLeman, declare as follows:

1. I am a partner at the law firm Goodwin Procter LLP, counsel for Defendants Toast, Inc.; Toast Processing Services, LLC; Stratex Holdco, LLC; Strategy Execution Partners LLC; and Xtra Chef, LLC (hereinafter, "Toast" or "Defendants") in the above-entitled action.

2. Pursuant to Civil Local Rule 6-3(a), I provide this declaration in support of Toast's Motion to Enlarge Time. I have personal knowledge of the matters stated herein and, if called as a witness, I would and could competently testify as to the following.

3. On October 29, 2026, the Federal Trade Commission ("FTC"), the Attorneys General of Colorado, Florida, Illinois, Iowa, Nebraska, Oklahoma, and Utah, and the People of the State of California, acting through Los Angeles County Counsel and the San Francisco City Attorney (collectively, "Plaintiffs"), filed a Complaint against Defendants, ECF No. 1 ("Complaint").

4. Plaintiffs allege violations of the FTC Act, the Restore Online Shoppers' Confidence Act, and multiple state consumer protection laws, seeking permanent injunctive relief, monetary relief, civil penalties, and other relief. *Id.* ¶¶ 1–10. The Complaint spans 235 paragraphs and asserts twenty-two counts against five different entities.

5. On November 3, 2026, the FTC filed executed waivers of service for all Defendants. ECF No. 6.

6. Pursuant to Federal Rule of Civil Procedure 4(d)(3), Toast's current deadline to respond to the Complaint is December 28, 2026. Pursuant to Civil L.R. 7-3, if Toast moves to dismiss the Complaint, Plaintiffs' deadline to file an Opposition is January 11, 2027, and Toast's deadline to file a Reply is January 19, 2027.

7. Toast intends to move to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice" as soon as practicable.

8. Between now and the first week of January, defense counsel have several competing scheduling commitments, including: (a) nine already-noticed depositions in Connecticut state court and federal court in the Eastern District of Michigan; (b) a summary judgment deadline in Connecticut state court; and (c) a hearing in the Southern District of California. The current December 28, 2026 response deadline also falls during the year-end holiday period, when counsel and representatives for Toast have previously scheduled personal travel.

9. Attached hereto as **Exhibit 1** is a true and correct copy of an email chain between the parties, dated November 18, 2026 through November 24, 2026.

10. On November 18, 2026, I emailed Plaintiffs to schedule a meet and confer regarding Toast's forthcoming motion to transfer and stay deadlines. *See* Exhibit 1 at 4. Plaintiffs initially refused to meet and confer by phone or Zoom, but ultimately agreed after Toast informed counsel that the Court's local rules require it. Before and during the meet and confer, Plaintiffs stated (without explanation) that they would oppose Toast's motion to transfer and any corresponding motion to stay, but would consider stipulating to a proposed briefing schedule. *See id.*

11. On November 22, 2026, I emailed Plaintiffs a proposed modified case schedule, which would extend Toast's response deadline from December 28, 2026 to January 22, 2027. *See id.* at 3–4.

12. On November 24, 2026 at approximately 12:30 p.m. EST, Plaintiffs emailed Toast, stating that they had "spoken with [their] management and have been authorized to give a one-week extension to the response deadline, provided that [they] receive an additional week to submit an opposition if a motion to dismiss is filed." *Id.* at 3. Under Plaintiffs' counter-proposal, Toast's response deadline would be extended only to January 5, 2027—two business days after New Year's Day—and Plaintiffs' opposition deadline would be extended to January 26, 2027. *See id.*

13. That same day at approximately 12:36 p.m. EST, I offered a compromise of January 15, 2027 for Toast's response deadline. *See id.* at 2. At approximately 3:19 p.m. EST, Plaintiffs rejected this proposal, instead offering an extension of January 12, 2027, three days short of Toast's revised proposal, and an extension of February 2, 2027 for Plaintiffs' opposition deadline should Defendants move to dismiss. *See id.* Plaintiffs' counsel wrote: "I've been back and forth with my management this afternoon . . . They have indicated that we cannot move any further than that," and that they would "oppose any deadline extension." *Id.*

14. At approximately 3:50 p.m. EST, I requested that the parties meet and confer that day or the following day, and that Plaintiffs include counsel with "decision-making authority." *Id.* at 1. At approximately 5:06 p.m. EST, Plaintiffs responded: "We typically don't agree to extensions," "we have already met to discuss scheduling," and puzzlingly, "[w]e have full authority to resolve this issue with you." *Id.* The parties met and conferred at approximately 5:30 p.m. EST. Plaintiffs' "management"—whom Plaintiffs refused to identify —did not appear on the meet and confer, and the parties did not reach a resolution. During the meet and confer, Plaintiffs refused to engage in any substantive dialogue regarding Toast's request and/or the basis for Plaintiffs' opposition, stating that they do not agree to extensions and directing Toast to Plaintiffs'

emails at Exhibit 1. To date, Plaintiffs have not articulated any prejudice that would result from a short extension of the initial case deadlines.

15. Toast respectfully requests that the Court enlarge the time to respond to Plaintiffs' Complaint until three weeks following the resolution of Toast's motion to transfer, or alternatively, enlarge the current response deadline to January 15, 2027.

16. In light of Toast's forthcoming motion to transfer, the scope of the Complaint, existing case commitments, the intervening holidays, and Plaintiffs' refusal to accommodate Toast's modest request, Toast would be substantially prejudiced by the current response deadline. Absent the requested enlargement, Toast would have insufficient time to evaluate and respond to the Complaint by December 28, 2026.

17. The requested time modification would also preserve judicial resources should the Court grant Toast's motion to transfer and this case proceed in a different forum.

18. This is the first request to modify deadlines in this matter.

19. The requested extension would not otherwise impact the case schedule.

20. I declare under penalty of perjury that the foregoing is true and correct.

Executed November 25, 2026

Kate E. MacLeman

Kate E. MacLeman

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, a copy of the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve electronically all participants in this case.

*/s/ Hayes P. Hyde*
Hayes P. Hyde